UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID CHRISTOPHER SINGLETON,

    Plaintiff,

        v.                                   CAUSE NO. 3:24-CV-845-JTM-AZ

CENTURION, et al.,

    Defendants.

## OPINION and ORDER

David Christopher Singleton, a prisoner without a lawyer, filed a complaint against Centurion and an unknown number of John and Jane Doe defendants employed by Centurion and working at Miami Correctional Facility. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Singleton alleges that he was sexually assaulted on October 16, 2022. A medical provider at an outside facility ordered that Singleton be provided with 72-hour emergency H.I.V. preventative, but staff at Miami Correctional Facility did not ensure Singleton received the medication within 72-hours. It appears the medication was

provided on November 6, 2022 – about three weeks later. Singleton contends that he did not receive the medication in a timely manner because someone on Centurion's staff neglected to properly enter hospital documents for eight days. He seeks monetary damages.

Singleton names Centurion as a defendant. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). He has not alleged facts from which it can be plausibly inferred that Centurion had a policy of depriving inmates of H.I.V. prevention medications. Nor has he alleged that Centurion had any other policy that led to a violation of his constitutional rights. Therefore, he may not proceed against Centurion.

He also named an unknown number of John or Jane Doe defendants employed by Centurion. He does not name any particular individual (whether their name is known or unknown) or make any particularized allegations against a specific employee of Centurion. To the extent Singleton is attempting to sue the individual who was responsible for logging his hospital records, he cannot proceed. To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference

2

occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice do not constitute deliberate indifference). Singleton has not pled any facts suggesting the individual who failed to log his medical records was acting with deliberate indifference.

"There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (citations omitted). That said, "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id*. In Indiana, a two-year statute of limitations applies to Singleton's claims, which are brought pursuant to 42 U.S.C. § 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) ("[Plaintiff's] only

3

other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

Singleton placed his complaint in the prison mail system on October 15, 2024, nearly two full years after the alleged assault occurred. (DE # 2 at 4.) That left no time for any individuals to be identified and named as defendants in this action. Even if this court had screened the complaint the same day it was received, it would have been too late for Singleton to file an amendment naming additional defendants.

In sum, this complaint does not state a claim for which relief can be granted. The complaint does not suggest Singleton will be able to amend his allegations to state a claim against Centurion, and it appears from Singleton's complaint that any claims against new defendants would be time barred. Nonetheless, if Singleton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. Should he

4

name any defendant other than Centurion, he must explain why his claims should not be dismissed as barred by the statute of limitations.

For these reasons, the court:

(1) GRANTS David Christopher Singleton until **April 15, 2025**, to file an amended complaint; and

(2) CAUTIONS David Christopher Singleton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: March 14, 2025

                          s/James T. Moody
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT COURT