UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CHRISTOPHER SINGLETON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-845-JTM-AZ |
| CENTURION, et al., | |
| Defendants. | |

OPINION and ORDER

David Christopher Singleton, a prisoner without a lawyer, filed a complaint against Centurion and an unknown number of John and Jane Doe defendants employed by Centurion and working at Miami Correctional Facility. (DE # 2.) This court determined that the complaint did not state a claim and, although it appeared unlikely that Singleton would be able to amend his complaint to state a claim, granted Singleton the opportunity to file an amended complaint. (DE # 17.) Singleton has now filed what he titles an "Amended Complaint and Request for Assistance." (DE # 26.) This document, despite its title, is in substance a request for reconsideration of the court's earlier screening order and a request that the court appoint counsel to assist Singleton.

As explained in this court's screening order (DE # 17), Singleton alleges that he was sexually assaulted on October 16, 2022. A medical provider at an outside facility indicated that Singleton should be provided with an emergency H.I.V. preventative within 72-hours, but staff at Miami Correctional Facility did not provide it until about three weeks later, on November 6, 2022. Singleton contends that he did not receive the

medication in a timely manner because someone on Centurion's staff neglected to properly enter hospital documents for eight days.

Singleton sued an unknown number of John or Jane Doe defendants employed by Centurion. He did not name any particular individual (whether their name was known or unknown) or make any particularized allegations against any specific employee of Centurion. He has now provided identifying details for one individual – an older lady with long grey hair who was provided with Singleton's medical bag and doctor's instructions by transporting officers. Whether Singleton is attempting to proceed against this individual or another person who may have been responsible for logging his hospital records, the court's screening order explained why his allegations do not state a claim:

> To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice does not constitute deliberate indifference). Singleton has not pled any facts suggesting the individual who failed to log his medical records was acting with deliberate indifference.

(DE # 17 at 2-3.) While the court's previous order did not address the woman with long grey hair who was allegedly handed a medical bag and the doctor's orders, neither the complaint nor Singleton's "Amended Complaint and Request for Assistance" contain

2

facts from which it could be plausibly inferred that she was deliberately indifferent to Singleton's medical needs.

Singleton takes issue with the state of the law. He contends that individuals who are negligent or commit malpractice and the company that employs these individuals should be held liable. However, the law is very clear that neither negligence nor malpractice alone amount to deliberate indifference sufficient to support an Eighth Amendment claim. Thus, Singleton does not have a constitutional remedy. Singleton may have had state-law remedies available to him, but he did not raise state law claims in his complaint.[1] Even if he had, in the absence of a federal claim, it is this court's practice to relinquish jurisdiction over state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3).").

Singleton's complaint has another significant problem. Singleton waited almost two full years after the assault occurred to initiate his lawsuit. (DE # 2 at 4.) The court's screening order explained that this is a problem because Singleton did not allow any time to identify the Doe defendants and amend his complaint to include their names.

> "There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (citations

---

[1] To the extent that Singleton may have intended to raise state-law claims of medical negligence or malpractice, there is no indication that he presented a proposed complaint to the state medical review panel and obtained an opinion from the panel before filing this action, as is required under Indiana law. *See* Ind. Code § 34-18-8-4; *Terry v. Community Health Network*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014).

> omitted). That said, "a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires." *Id*. In Indiana, a two-year statute of limitations applies to Singleton's claims, which are brought pursuant to 42 U.S.C. § 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").
>
> Singleton placed his complaint in the prison mail system on October 15, 2024, nearly two full years after the alleged assault occurred. (DE # 2 at 4.) That left no time for any individuals to be identified and named as defendants in this action. Even if this court had screened the complaint the same day it was received, it would have been too late for Singleton to file an amendment naming additional defendants.

(DE # 17 at 3-4.)

Singleton responds in his "Amended Complaint and Request for Assistance" by indicating that he knew he needed to bring the lawsuit within two years, but he did not know that he needed to bring it sooner if he needed to identify the names of the individuals he was suing. He further indicates that, if he had known, he would have complied to the best of his abilities. He notes that he suffers from P.T.S.D., and that perhaps if he had been represented by counsel this would have been explained to him. Here, however, the problem was not only that Singleton did not know the names of the individuals he wanted to sue; the problem was that the factual allegations of the complaint did not state a claim against any individual, whether their identity was known or unknown. The court mentioned the statute of limitations only because the

4

late filing of the complaint was relevant to whether Singleton could amend his factual allegations to include additional details that might state a claim. Here, he was given a chance to do so even though the statute of limitations appeared to prevent Singleton from naming new defendants. Despite that opportunity, he still has not asserted any additional facts that rise to the level of deliberate indifference. Because Singleton has not pled facts that amount to a claim against any individual, in either his complaint or his "Amended Complaint and Request for Assistance," the statute of limitations need not be discussed further.

Singleton also named Centurion as a defendant. The court's screening order explained the following:

> [A] private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). He has not alleged facts from which it can be plausibly inferred that Centurion had a policy of depriving inmates of H.I.V. prevention medications. Nor has he alleged that Centurion had any other policy that led to a violation of his constitutional rights. Therefore, he may not proceed against Centurion.

(DE # 17 at 2.) Singleton's complaint does not allege any facts that amount to a constitutional violation. A private company performing a public function can be held liable for *constitutional violations* under certain conditions. Without factual assertions from which it can be plausibly inferred that a constitutional violation occurred, there is no need to explore what policies may have led to Singleton not receiving H.I.V. preventative care in a timely manner.

5

Singleton's "Amended Complaint and Request for Assistance" includes a request that the court recruit counsel to represent him in this matter. Appointing counsel at this juncture it would not change the outcome of this case. Therefore, the request will be denied.

For these reasons, the court stands by its conclusion that Singleton's complaint does not state a claim for which relief can be granted. Furthermore, the additional arguments and allegations included in his "Amended Complaint and Request for Assistance" do not alter this outcome.

For these reasons, the court:

(1) **DENIES** the relief sought in Singleton's "Amended Complaint and Request for Assistance" (DE # 26) to the extent that he seeks reconsideration of the court's March 14, 2025, opinion and order;

(2) **DENIES** the request for appointment of counsel contained in Singleton's "Amended Complaint and Request for Assistance" (DE # 26); and

(3) **DISMISSES** this case under 28 U.S.C. § 1915A because neither the complaint nor the additional allegations included in the "Amended Complaint and Request for Assistance" state a claim for which relief can be granted.

**SO ORDERED.**

Date: September 19, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT